**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>  RESIDENTIAL CAPITAL, LLC., *et al.*,<br><br>                              Debtors. | **NOT FOR PUBLICATION**<br><br>Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |
| MARION L. JENKINS AND SHARON JENKINS*,*<br><br>                              Plaintiffs,<br><br>              v.<br><br>RESIDENTIAL FUNDING COMPANY, LLC, *et al.*,<br><br>                              Defendants. | Adv. Pro. No. 12-01935 (MG) |

**MEMORANDUM OPINION GRANTING MOTION TO DISMISS ADVERSARY**
**PROCEEDING BY DEFENDANTS JUDY FABER AND**
**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

**A P P E A R A N C E S:**

BRADLEY ARANT BOULT CUMMINGS LLP
*Special Litigation Counsel to Debtors*
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
By:    James P. Watkins, Esq.

MORRISON & FOERSTER LLP
*Attorneys for Debtors*
1290 Avenue of the Americas
New York, NY 10104
By:    Norman A. Rosenbaum, Esq.

MARION L. JENKINS and SHARON JENKINS
*Pro Se Plaintiffs*

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court in this adversary proceeding is a *Motion to Dismiss Adversary Proceeding Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (4)–(6) by Defendants Judy Faber and Mortgage Electronic Registration Systems, Inc.* (the "Motion," ECF Doc. # 35). Defendants Judy Faber ("Faber"), Vice President of Debtor Residential Funding Corporation ("RFC"), and Mortgage Electronic Registration System ("MERS," and together with Faber, the "Moving Defendants") seek to dismiss the Complaint filed by Marion and Sharon Jenkins (the "Plaintiffs," ECF Doc. # 1). Faber is sued in her individual capacity, and neither Defendant is a debtor in the chapter 11 bankruptcy cases involving Residential Capital, LLC ("ResCap") and certain of its subsidiaries (collectively, the "Debtors"). The Plaintiffs did not file any opposition or proffer any argument at the August 28, 2013 hearing on the Motion. For the reasons explained below, the Court **GRANTS** the Motion on separate grounds for each Moving Defendant.

## I.       BACKGROUND

On May 14, 2012 (the "Petition Date"), ResCap and certain subsidiaries filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Court is jointly administering these cases pursuant to an Order entered on May 14, 2013 (ECF Doc. # 59). On November 9, 2012, the Plaintiffs filed their Complaint, initiating this adversary proceeding. On December 31, 2012, Mr. Jenkins filed a petition for relief under chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia, Case No. 12-82018.

Aside from Faber and MERS, the Complaint names several other non-debtor parties as Defendants. The Plaintiffs allege that Mortgage Lenders Network USA ("MLNU")—a Defendant—issued the Plaintiffs a note (the "Note") secured by a security deed to real property in Atlanta, Georgia (the "Security Deed"). The Note was assigned to U.S. Bank, N.A., in 2006 by an allonge, and the Security Deed was assigned to U.S. Bank by a series of assignments and corrective assignments in 2006, 2010, and 2011. *See* Mot. ¶¶ 9–14. The Plaintiffs allege that Karen Fonda of Shapiro & Swerfeger—both Defendants—executed one of the corrective assignments of the Security Deed to U.S. Bank. According to the Plaintiffs, this assignment was fraudulent because it was signed by "Robo signers." *See* Am. Compl. ¶ 18. The Plaintiffs also allege that (1) they never received notice from America's Servicing Company ("ASC")—another Defendant—stating that ASC was the new servicer of the Plaintiffs' mortgage, and (2) they contacted ASC and Wells Fargo Bank, N.A., on several occasions to try to resolve the dispute whether ASC was in fact the servicer of the Plaintiffs' mortgage. *See id.* ¶¶ 19–21. Acting as the representative of ASC and Wells Fargo, Shapiro & Swertfeger proceeded with "foreclosure activities." *Id.* at ¶ 22. These "foreclosure activities," according to the Plaintiffs, were improper because the Defendants engaged in a fraudulent scheme by recording false assignments and refused to modify the Plaintiffs' mortgage. *See id.* at ¶¶ 26–27.

As for the Moving Defendants, the Plaintiffs allege that: (1) Faber endorsed the Note to U.S. Bank in 2006; (2) MERS was a nominee of MLNU and its successors and assigns; (3) MERS was a grantee of the Security Deed, solely as nominee of MLNU's successors and assigns; and (4) MERS "purported to assign" the Security Deed to U.S. Bank in October 2012. *See id.* at ¶¶ 13, 15, 17.

The Plaintiffs seek the following: (1) an order enjoining a foreclosure of their property; (2) a declaration that the lien and encumbrance are invalid; (3) an order requiring Defendants to provide the Plaintiffs with an accounting; (4) an order for specific performance requiring certain Defendants (not including the Moving Defendants) to enter into a loan modification with the Plaintiffs; (5) a declaration that the mortgage is null and void if the Defendants cannot establish title; and (6) monetary damages of $10,000,000.

On January 22, 2013, RFC filed a *Motion Pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(e) for a More Definite Statement* (ECF Doc. # 10), arguing that the Complaint failed to identify legal causes of action supporting the requested relief. RFC also argued that the Complaint was impermissibly vague as to RFC's conduct. The Plaintiffs did not oppose the motion, and on March 28, 2013, the Court granted the motion, directing the Plaintiffs to file an Amended Complaint (ECF Doc. # 26). The Plaintiffs filed their Amended Complaint on May 20, 2013 (ECF Doc. # 32). The Amended Complaint is largely similar to the original Complaint and only (1) corrects the case number, (2) omits certain exhibits filed with the original Complaint, and (3) contains a cover sheet alleging that no valid assignment has been completed, that the signature on the allonge to the Note "seems copied or pasted," and that the Plaintiffs ask the Court to declare that the lien and encumbrance are invalid under Bankruptcy Code § 506(a).

The Moving Defendants filed the Motion on July 12, 2013, citing four separate grounds for the Motion under Rules 12(b)(1) and (4)–(6), made applicable to the proceeding by Bankruptcy Rule 7012. First, the Moving Defendants argue that the Court lacks subject matter jurisdiction because the claim against the Moving Defendants does not arise under, arise in, or relate to cases under the Bankruptcy Code. The Moving Defendants argue that they are not

4

Debtors, and a ruling against the Moving Defendants would not affect the Debtors or their

estates.

For the second and third asserted grounds for dismissal, the Moving Defendants argue

that the action should be dismissed under Rules 12(b)(4)–(5) for insufficient process and for

insufficient service of process.

Fourth, the Moving Defendants argue that the proceeding should be dismissed under Rule

12(b)(6) for failure to state a cognizable claim.  To support this argument, the Moving

Defendants assert that the Amended Complaint contains no specific allegations against Faber,

and the only allegations against MERS are generic and merely descriptive.  Aside from that, the

Amended Complaint contains general references to "Defendants" and their purported conduct,

but according to the Moving Defendants, the Plaintiffs fail to identify how Faber or MERS were

involved in the alleged conduct.  Further, the Amended Complaint's allegations that assignments

of the Security Deed were invalid because they were executed by "Robo signers" as part of a

fraudulent scheme are generalized, vague, and speculative according to the Moving Defendants.

Finally, the Moving Defendants argue that taken at their face value, the allegations of the

Amended Complaint do not support a cause of action against Faber or MERS.

## II.   DISCUSSION

Bankruptcy Rule 7012 makes Civil Rule 12(b) applicable to adversary proceedings.

Civil Rule 12(b), in turn, provides that a claim may be dismissed if, among other things:

- the court lacks subject matter jurisdiction (Rule 12(b)(1));
- insufficient process (Rule 12(b)(4));
- insufficient service of process (Rule 12(b)(5)); or
- the complaint fails to state a claim upon which relief can be granted (Rule 12(b)(6)).

### A. The Court Lacks Subject Matter Jurisdiction to Rule on the Claim against Faber, but May Have Jurisdiction to Rule on the Claim against MERS.

Pursuant to 28 U.S.C. § 1334(b), the Court has jurisdiction over an adversary proceeding (1) arising under the Bankruptcy Code, (2) arising in or (3) related to a case brought under the Bankruptcy Code. The Amended Complaint alleges only prepetition state law claims that do not arise under the Bankruptcy Code or arise in the bankruptcy case; thus, at most, the Court would have "related to" jurisdiction.

"Related to jurisdiction is a broad grant of federal jurisdiction." *Bayerische Landesbank v. Deutsche Bank AG (In re Residential Capital, LLC)*, 488 B.R. 565, 572 (Bankr. S.D.N.Y. 2013) (internal quotation marks omitted). The Court has "related to" jurisdiction to hear any civil matter "where the outcome might have any conceivable effect on [a bankruptcy] estate." *Id.* (quoting *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992) (internal quotation marks omitted). This conceivable effect requires neither certainty nor likelihood. *Id.* at 573 (citing *Winstar Holdings, LLC v. Blackstone Grp. L.P.* No. 07 Civ. 4634 (GEL), 2007 WL 4323003, at *1 n.1 (S.D.N.Y. Dec. 10, 2007)). Instead, an action will have a "conceivable effect" on a bankruptcy estate where it could alter a "debtor's rights, liabilities, options, or freedom of action" or "impact[] the handling and administration of the bankruptcy estate." *Id.* (quoting *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 322 (S.D.N.Y. 2003).

At the August 28, 2013 hearing for this Motion, the Court asked whether either Faber or MERS filed a claim against the Debtors' estate for indemnification or contribution. If so, the case could conceivably affect the Debtors' estate, and the Court would therefore have subject matter jurisdiction. Following the hearing, counsel for the Debtors informed the Court that Faber did not file a proof of claim, but MERS did. Therefore, the Court has no subject matter jurisdiction to entertain the claim asserted against Faber. Any finding of liability by Faber would

not implicate the Debtors' rights or liabilities, or the administration of the Debtors' estate, so the

Motion to dismiss is **GRANTED** against Faber on the grounds that the Court lacks subject

matter jurisdiction to hear the Plaintiffs' claim against Faber.

But the grounds for MERS's proof of claim are unclear; the proof of claim does not

specifically reference the Jenkins' claim, and the Court cannot definitively determine whether or

not a claim for indemnification for any liability arising from this adversary proceeding would fall

within the terms of MERS's proof of claim.  Therefore, the Court will proceed to consider

whether the Amended Complaint states a claim against MERS.

### B.  The Amended Complaint Fails to State a Plausible Claim For Relief Against MERS.

Upon a Rule 12(b)(6) motion, the Court accepts all factual allegations as true and draws

all inferences in favor of the plaintiff.  *See Harris v. City of New York*, 186 F.3d 243, 247 (2d

Cir. 1999) (citation omitted).  The Court's objective is not to determine whether the plaintiff will

succeed in her claim, but instead whether the plaintiff is entitled to support her claim by offering

evidence.  *See Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 65 (2d Cir.

2010) (citation omitted).  To survive a motion to dismiss, a complaint must be facially plausible,

meaning that it pleads factual content allowing for a reasonable inference that the defendant is

liable for the alleged conduct.  *Thielmann v. MF Global Holdings, Ltd. (In re MF Global

Holdings Ltd.)*, Nos. 11-15059, Adv. Proc. 11-02880, 2013 WL 4511863, at *3 (Bankr. S.D.N.Y.

Aug. 23, 2013).

When ruling on a Rule 12(b)(6) motion, courts ignore legal conclusions and consider the

factual allegations in context, drawing on "judicial experience and common sense."  *Id.*

Pleadings that merely provide labels and conclusions or that contain "formulaic recitation[s] of

the elements of a cause of action" are insufficient.  *Official Comm. of Unsecured Creditors v.*

7

*UMB Bank N.A. (In re Residential Capital, LLC)*, 495 B.R. 250, 258 (Bankr. S.D.N.Y. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).   Although "complaints drafted by *pro se* plaintiffs are to be construed liberally, [] they must nonetheless be supported by specific and detailed factual allegations sufficient to provide the court and the defendant with" a fair understanding of the conduct at issue and the basis for recovery. *Kimber v. GMAC Mortgage, LLC (In re Residential Capital, LLC)*, 489 B.R. 489, 494 (Bankr. S.D.N.Y. 2013).

Even accounting for the liberal construction granted to *pro se* complaints, the Amended Complaint here fails to state a basis for MERS's purported liability.[1]  The Amended Complaint alleges that MERS was the grantee under the Security Deed and "purported to assign the mortgage" to U.S. Bank. *See* Am. Compl. ¶¶ 13, 17.  But the Amended Complaint does not articulate why the assignment was ineffective, warranting the Plaintiffs' "purported" language, or how MERS's conduct is connected to the alleged fraudulent scheme.  Without more, the Plaintiffs' allegation that MERS was somehow involved in a fraudulent scheme does not rise to the level of plausibility.  Instead, even after accepting the factual allegations as true and drawing all reasonable inferences in favor of Plaintiffs, MERS's alleged conduct does not support a cause of action.

The Plaintiffs did not file any opposition to the Motion or proffer any argument at oral argument.  The Plaintiffs had one prior chance to amend the Complaint; they need not be given another chance.  Therefore, the Amended Complaint against MERS is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

---

[1]     The Amended Complaint also appears to fail to state a plausible claim for relief against Faber, but having determined that the Court lacks subject matter jurisdiction with respect to the claims against Faber, the Court does not decide the Motion against her based on Rule 12(b)(6).

### III.    CONCLUSION

For the reasons stated above, the Motion is **GRANTED**, and the Amended Complaint is

**DISMISSED** as provided above.

**IT IS SO ORDERED**.

Dated:  September 18, 2013
      New York, New York

_Martin Glenn_
                       MARTIN GLENN
        United States Bankruptcy Judge