**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et. al.*<br><br>Debtors. | NOT FOR PUBLICATION<br><br>Chapter 11<br><br>Case No. 12-12020 |
| MARION L. JENKINS AND SHARON JENKINS,<br><br>Plaintiffs,<br><br>v.<br><br>RESIDENTIAL FUNDING COMPANY, LLC, *et al.*,<br><br>Defendants. | Adv. Pro. No. 12-01935 |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS**

*A P P E A R A N C E S*:

MORRISON & FOERSTER
*Attorneys for Debtors*
1290 Avenue of the Americas
New York, NY 10104
By:    Norman S. Rosenbaum, Esq.

HOGAN LOVELLS US LLP
*Attorneys for Wells Fargo and U.S. Bank, as Trustee*
875 Third Avenue
New York, NY 10022
By:    Jonathan Samon, Esq.

MARION L. JENKINS and SHARON JENKINS
*Pro Se Plaintiffs*

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is *Defendants Wells Fargo Bank, N.A., and U.S. Bank, National Association, as Trustee's Motion to Dismiss Plaintiffs' Complaint* (the "Motion," ECF Doc. # 43). Defendants Wells Fargo and U.S. Bank submitted a memorandum of law in support of the Motion (the "Mem.," ECF Doc. # 44), seeking entry of an order dismissing Plaintiffs Marion and Sharon Jenkins' adversary proceeding. Residential Funding Company ("RFC," and together with Wells Fargo and U.S. Bank, the "Defendants") filed a joinder to the Motion (ECF Doc. # 46). Although the Plaintiffs did not respond to the Motion, they made a telephonic appearance at a December 17, 2013 hearing on the Motion.

### I.  BACKGROUND

**A.   Procedural History**

On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Plaintiffs filed their adversary complaint on November 9, 2012, and then filed an Amended Complaint on May 20, 2013 (the "Amended Complaint," ECF Doc. # 32). On December 31, 2012, Mr. Jenkins filed a petition for relief under chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia, Case No. 12-82018.

The Amended Complaint names RFC and several non-Debtor parties as Defendants. It alleges that the Plaintiffs executed a note (the "Note") in favor of Mortgage Lenders Network USA, a Defendant, secured by a security deed to real property in Atlanta, Georgia (the "Security Deed"). The Note was assigned to U.S. Bank in 2006 by an allonge, and the Security Deed was assigned to U.S. Bank by a series of assignments and corrective assignments in 2006, 2010, and 2011. (*See* Mem. at 2–3; *see also* ECF Doc. # 35 ¶¶ 9–14.) The Plaintiffs allege that Karen

2

Fonda of Shapiro & Swerfeger, both Defendants, executed one of the corrective assignments of the Security Deed to U.S. Bank as trustee for RFC; this corrective assignment was allegedly fraudulent because it was signed by "Robo signers." (*See* Am. Compl. ¶ 18.) The Plaintiffs also allege that they never received notice from America's Servicing Company ("ASC"), another Defendant, stating that ASC was the new servicer of the Mortgage, and that they contacted ASC and Wells Fargo on many occasions to try to resolve whether ASC was in fact the servicer of their mortgage. Shapiro & Swertfeger, the representative of ASC and Wells Fargo, proceeded with a foreclosure on the Plaintiffs' property during this time.

The Plaintiffs assert that the foreclosure was improper and that the Defendants engaged in a fraudulent scheme by recording false assignments, which caused the Plaintiffs to suffer emotional distress. (*See id.* ¶¶ 25–27.) They request the following relief: (1) an order enjoining a foreclosure of their property; (2) a declaration that the lien and encumbrance are invalid; (3) an order requiring the Defendants provide them an accounting; (4) an order for specific performance requiring certain Defendants (not including Faber or MERS) to enter into a loan modification with the Plaintiffs; (5) a declaration that the mortgage is null and void if the Defendants cannot establish title; and (6) monetary damages of $10,000,000.

On January 22, 2013, RFC filed a *Motion Pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(e) for a More Definite Statement* (ECF Doc. # 10), arguing that the Complaint failed to identify legal causes of action supporting the requested relief. RFC also argued that the Complaint was impermissibly vague as to the conduct of RFC. The Plaintiffs did not oppose the motion, and on March 28, 2013, the Court granted the motion, directing Plaintiffs to file an Amended Complaint (ECF Doc. # 26). The Plaintiffs then filed their Amended Complaint, which is largely similar to the original Complaint and only (1) corrects the case number (2) omits

3

certain exhibits filed with the original Complaint, and (3) contains a cover sheet alleging that no valid assignment was completed, that the signature on the allonge to the Note "seems copied or pasted," and that the Plaintiffs ask the Court to declare that the lien and encumbrance are invalid under Bankruptcy Code § 506(a).

On July 12, 2013, Defendants Judy Faber and the Mortgage Electronic Registration Systems, Inc. ("MERS") filed a motion to dismiss the adversary proceeding as to those defendants (ECF Doc. # 35). The Court granted that motion on September 18, 2013 (ECF Doc. # 40).

B.     **The Motion**

The Defendants argue that the Court should dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(e), made applicable by Bankruptcy Rule 7012. That rule governs motions for a more definite statement and provides that if the Court orders a more definite statement, and the order is not obeyed, "the court may strike the pleading or issue any other appropriate order." The Defendants note that the Plaintiffs were ordered to file an Amended Complaint and that they did so, but the Amended Complaint is virtually identical to the original complaint and makes only minor, non-substantive changes to the original complaint. In other words, the Amended Complaint is no more definite than the original complaint and should be dismissed for failing to comply with the Court's order.

Second, Wells Fargo and U.S. Bank—but not RFC—argue that the court lacks subject matter jurisdiction because they are non-Debtors, and any ruling against either of them would have no effect on the Debtors or their estates. Neither Wells Fargo nor U.S. Bank filed a proof of claim in the Debtors' bankruptcy cases for indemnification related to this action. (*See* Dec. 17, 2013 Tr. at 3–14.) Third, the Defendants argue that the Plaintiffs failed to serve the

4

Defendants with a copy of the summons or Complaint (either the original or Amended Complaint).  Thus, the action may be dismissed under Rule 12(b)(5) and pursuant to Local Rule 9078-1, which requires a certificate of service.  Fourth, the Defendants argue that the Amended Complaint fails to state a claim upon which relief can be granted.

The Defendants note that the Plaintiffs' only allegations relating to these specific Defendants assert that (1) the assignment of the Jenkins' mortgage is invalid because it was executed by robosigners; (2) Wells Fargo provided the Plaintiffs "conflicting information;" (3) the Plaintiffs mailed written requests to Wells Fargo, and Wells Fargo never validated how much the Plaintiffs owed; and (4) Wells Fargo should enter into a modification with the Plaintiffs.  According to the Defendants, even if these allegations were true, they do not support a cause of action.  The documents that the Plaintiffs attach to their original Complaint indicate that Wells Fargo provided adequate information regarding the amount the Plaintiffs owed.  Also, even if the assignment of the Plaintiffs' mortgage was executed by robosigners, that assignment was only a memorialization of a valid transfer of the Note pursuant to an endorsement by allonge to the Plaintiffs' Note.  Those endorsements on the Note are valid, according to the Defendants, and the mortgage follows the note, so the assignment was not the operative document controlling the transfer.

## II.    DISCUSSION

Bankruptcy Rule 7012 makes FED. R. CIV. P. 12(b) applicable to adversary proceedings. Rule 12(b), in turn, provides that a claim may be dismissed if, among other things:

- the court lacks subject matter jurisdiction (Rule 12(b)(1));
- the plaintiff failed to achieve sufficient process (Rule 12(b)(4));
- the plaintiff failed to sufficiently serve process (Rule 12(b)(5)); or
- the complaint fails to state a claim upon which relief can be granted (Rule 12(b)(6)).

5

A.  **The Amended Complaint Is Dismissed as to Wells Fargo and U.S. Bank for Lack of Subject Matter Jurisdiction.**

Pursuant to 28 U.S.C. 1334(a)–(b), the Court has jurisdiction in proceedings either (1) arising under the Bankruptcy Code, or (2) arising in or related to cases brought under the Bankruptcy Code.  Jurisdiction over the case itself is original and exclusive; jurisdiction over civil proceedings is original but not exclusive, meaning that proceedings that occur during a bankruptcy case may, under certain circumstances, be heard either in federal or state court. 1 COLLIER ON BANKRUPTCY ¶ 3.01[1] (16th rev. ed. 2013).

Here, the Plaintiffs' claims do not arise under the Code, so they must qualify as "related to" jurisdiction for the Court to rule on the matter.  "Related to 'jurisdiction is a broad grant of federal jurisdiction.'" *Bayerische Landesbank v. Deutsche Bank AG (In re Residential Capital, LLC)*, 488 B.R. 565, 572 (Bankr. S.D.N.Y. 2013).  The Court will have "related to" jurisdiction to hear any civil matter "where the outcome might have any conceivable effect on [a bankruptcy] estate."  *Id.* (quoting *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992)) (internal quotation marks omitted)).  This conceivable effect requires neither certainty nor likelihood. *Id.* at 573 (citing *Winstar Holdings, LLC v. Blackstone Grp. L.P.* No. 07 Civ. 4634 (GEL), 2007 WL 4323003, at *1 n.1 (S.D.N.Y. Dec. 10, 2007)).  Instead, an action will have a "conceivable effect" on a bankruptcy estate where it could alter a "debtor's rights, liabilities, options, or freedom of action" or "impact[] the handling and administration of the bankruptcy estate." *Id.* (quoting *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 322 (S.D.N.Y. 2003)).

The Court must analyze subject matter jurisdiction before ruling on any other grounds for dismissal as to Wells Fargo and U.S. Bank.  Given that neither Wells Fargo nor U.S. Bank is a Debtor, and neither party filed a proof of claim for indemnification related to this action, the outcome of this adversary proceeding as to Wells Fargo and U.S. Bank would have no

6

conceivable effect on the Debtors' estates. The Court therefore **DISMISSES** the Amended Complaint as to Wells Fargo and U.S. Bank due to lack of subject matter jurisdiction.

> **B.    The Amended Complaint Is Dismissed as to RFC for Failure to State a Claim upon which Relief Can Be Granted.**

Rule 12(b)(6) allows a party to move to dismiss a cause of action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Courts deciding motions to dismiss must accept all factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Hilaturas Miel, S.L. v. Republic of Iraq*, 573 F.Supp.2d 781, 797 (S.D.N.Y. 2008). The Court must limit its review to facts and allegations contained in (1) the complaint, (2) documents either incorporated into the complaint by reference or attached as exhibits, and (3) matters of which the court may take judicial notice. *See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Courts may also consider documents not attached to the complaint or incorporated by reference, but "upon which the complaint *solely* relies and which *[are] integral to the complaint*." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (internal quotation marks omitted; emphasis in original) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)); *Grubin v. Rattet (In re Food Mgmt. Grp.)*, 380 B.R. 677, 690 (Bankr. S.D.N.Y.2008) (concluding that a court may consider documents that have "not been incorporated by reference

7

where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint") (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, the Court's objective is not to determine whether the claimant will succeed in her claim, but instead whether the claimant is entitled to support her claim by offering evidence. *Hilaturas*, 573 F.Supp.2d at 797. Following the Supreme Court's decision in *Ashcroft v. Iqbal,* courts use a two-prong approach when considering a motion to dismiss. *See, e.g., Weston v. Optima Commc'ns Sys., Inc.*, No. 09 Civ. 3732(DC), 2009 WL 3200653, at *2 (S.D.N.Y. Oct. 7, 2009) (acknowledging a "two-pronged" approach to deciding motions to dismiss); *S. Ill. Laborers' and Emp'rs Health and Welfare Fund v. Pfizer, Inc.*, No. 08 CV 5175(KMW), 2009 WL 3151807, at *3 (S.D.N.Y. Sept. 30, 2009) (same); *Inst. for Dev. of Earth Awareness v. People for the Ethical Treatment of Animals*, No. 08 Civ. 6195 (PKC), 2009 WL 2850230, at *3 (S.D.N.Y. Aug. 28, 2009) (same). First, the court must accept all factual allegations in the complaint as true, discounting legal conclusions clothed in factual garb. *See Iqbal*, 556 U.S. at 678; *Boykin v. KeyCorp*, 521 F.3d 202, 204 (2d Cir.2008). Second, the court must determine if these well-pleaded factual allegations state a "plausible claim for relief." *Iqbal,* 556 U.S. at 679.

Courts do not make plausibility determinations in a vacuum; it is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* A claim is plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Meeting the plausibility standard requires a complaint to plead facts that show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that only pleads facts that are "merely consistent with a defendant's liability" does

8

not meet the plausibility requirement. *Id.* (internal quotation marks omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Although "complaints drafted by *pro se* plaintiffs are to be construed liberally, [] they must nonetheless be supported by specific and detailed factual allegations sufficient to provide the court and the defendant with" a fair understanding of the conduct at issue and the basis for recovery. *Kimber v. GMAC Mortgage, LLC (In re Residential Capital, LLC)*, 489 B.R. 489, 494 (Bankr. S.D.N.Y. Apr. 8, 2013).

Despite the liberal construction afforded to *pro se* complaints, the Amended Complaint fails to state a basis for RFC's purported liability. The Amended Complaint alleges that RFC held Plaintiffs' Note before indorsing it to U.S. Bank, and Plaintiffs' mortgage was assigned by MERS to U.S. Bank as trustee for RFC. The allegations about robosigning relate only to Plaintiffs' mortgage (not the Note), and since RFC was never an assignee of Plaintiffs' mortgage, the Amended Complaint does not state a claim against RFC. And even if a robosigned mortgage assignment involving a party acting as trustee for RFC implicated RFC's conduct, the conduct would not support a claim against RFC. U.S. Bank obtained assignment of the Plaintiffs' Note by endorsement on an allonge. Thus, a defect in assignment of the mortgage would still leave U.S. Bank the holder of the interest in the Plaintiffs' property, and the Plaintiffs would have no claim against RFC for any of the conduct alleged in the Amended Complaint. *See* Ga. Code Ann. § 10-3-1 ("The transfer of notes secured by a mortgage or otherwise conveys to the transferee the benefit of the security); *see also You v. JP Morgan Chase Bank, N.A.*, 743 S.E.2d

9

428, 433 (Ga. 2013) (holding that a secured noteholder possesses an interest in the property securing the note).  Therefore, the Amended Complaint against RFC is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

### III.    CONCLUSION

For the reasons stated above, the Motion is **GRANTED**, and the Amended Complaint is **DISMISSED** as provided above.

**IT IS SO ORDERED.**

Dated:  January 24, 2014
        New York, New York

                                    ___*Martin Glenn*_____
                                    MARTIN GLENN
                                    United States Bankruptcy Judge

10